IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                                        PLAINTIFF

      v.                                        Civil No. 6:13-cv-06017

CLARK COUNTY; HENRY MORGAN,
Former Prosecuting Attorney for Clark County;
FORMER JUDGE DUB ARNOLD; JEFFERSON
COUNTY; JUDGE JODI DENNIS; JUDGE
ROBERT H. WYATT, JR., JUDGE ROBERT
R. McCALLUM; PROSECUTING ATTORNEY
BLAKE BATSON; JUDGE CHRIS WILLIAMS;
PROSECUTING ATTORNEY EDDY EASLEY;
OMEGA TECHNICAL VIOLATOR CENTER,
Department of Community Correction; PULASKI
COUNTY; and the ARKANSAS DEPARTMENT
OF CORRECTION                                                                                             DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Patrick L. Sherman, an inmate of the Arkansas Department of Community Correction brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Sherman's complaint was filed *in forma pauperis* (IFP) subject to a later determination of whether service of process should issue on the Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**I. Background**

In his complaint (ECF No. 2), Sherman alleges that his Fourth Amendment rights are being violated every day of his incarceration. Sherman maintains he was convicted in violation of the Double Jeopardy Clause of the United States Constitution. Sherman names as Defendants the Judges, Prosecuting Attorneys, the facilities of incarceration, and Counties, that had were involved

in his conviction, his imprisonment, or the denial of his continued efforts to obtain release from imprisonment and monetary damages.

According to the allegations of the complaint, Sherman states he was arrested on April 4, 1995, and charged with four misdemeanors: reckless driving; driving while intoxicated; failure to yield to an emergency vehicle; and driving without a valid driver's license. He indicates the charges were the result of a high speed chase which ended in a collision.

As a result of the same incident, Sherman states he was charged with the following felonies: two counts of first degree battery; aggravated assault; and felony fleeing. After he was convicted of the charges pending in municipal court, Sherman states he was taken to circuit court and convicted of the felonies. Sherman contends he has received double punishment for the same offense.

As a result of the convictions, Sherman states he has served sixteen years in prison and still has twenty three years left on parole. Sherman states he has filed numerous lawsuits in the effort to have some court reach the merits of his claim.

## II. Discussion

As noted above, Plaintiff is currently incarcerated in the Omega Technical Violator Center. The Court is therefore charged with making the determination of whether the claims stated in the complaint are frivolous, malicious, or asserted against entities immune from suit, and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Upon review, this case is subject to dismissal because it is frivolous and states claims against individuals immune from suit. First, Sherman's claims against Henry Morgan, Blake Batson, Eddy

Easley are subject to dismissal. Prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Sherman's complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Sherman can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Dub Arnold, Jodi Dennis, Robert Wyatt, Jr., Robert R. McCallum, and Chris Williams are all judges, who are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will

not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522 (1984)). "However, the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, . . . legislatively reversed [existing Supreme Court precedent] in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Sherman does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory

relief was unavailable). Thus, to the extent Sherman seeks injunctive relief his claims are subject to dismissal.

Third, any claims stemming from Sherman's arrest and conviction in 1995 are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 1995, would be barred by the statute of limitations.

Fourth, the claims against the Omega Technical Violator Center, an Arkansas Department of Community Correction facility, and the Arkansas Department of Correction are subject to dismissal. The entities are agencies of the State of Arkansas and are not subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Plaintiff's claims against a state agency are the equivalent of a suit against the state and Eleventh Amendment immunity precludes such claims. *See Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998)(Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).

Fifth, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

5

invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  Sherman's convictions have not been called into question by any court ruling.

Finally, I note that if the case was not otherwise subject to dismissal, Sherman's IFP status should be revoked.  The Prison Litigation Reform Act amended 28 U.S.C. § 1915; in particular, it added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This provision has commonly become known as the "three strikes rule."

The three strikes rule applies to Sherman.  He has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Sherman v. Clark County Circuit Court, et al.,* 6:02-cv-06180 (case dismissed on the grounds the claims were frivolous, fail to state claims upon which relief may be granted, and seeks relief against defendants who are immune from suit; *Fa*rver *et al. v. Evans, et al.*, 2:01-CV-224 (Eastern District of Arkansas case.  Sherman was one of four plaintiffs.  Sherman's claim was dismissed as frivolous on 1/31/2002); *Sherman v. Correctional Medical Services, et al.*, 5:01-CV-161 (Eastern District of Arkansas case dismissed for failure to state a claim on 9/18/2001); *Sherman v. Norris, et al.*, 5:97-CV-405 (Eastern District of Arkansas case dismissed for failure to state a claim on 8/3/1998). The Eastern District  has also dismissed several cases pursuant to the three strikes provision.  *See e.g. Sherman v. Abernathy*, 5:10-cv-353 (dismissed pursuant to the three strikes

provision on July 1, 2011); *Sherman v. Wyatt, et al,* 5:10-cv-00026 (dismissed on February 2, 2010);, *Sherman v. Arkansas Department of Correction, et al,* 5:02-CV-339 (motion to proceed IFP denied, case dismissed without prejudice, plaintiff advised he would have to pay filing fee and file a motion to reopen to proceed with the case).

### III. Conclusion

Accordingly, I recommend that the case be dismissed as the claims are frivolous, fail state claims upon which relief may be granted, or are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

If the case is not dismissed as frivolous, for failure to state a claim, or because it is asserted against individuals immune from suit, Sherman's IFP status should be revoked pursuant to section 1915(g). Sherman should be advised that the case may be reopened upon payment of the filing fee.

**Sherman has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sherman is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of June 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE