IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK SHERMAN                                                                                          PLAINTIFF

vs.                                                  Civil No. 13-cv-6017

CLARK COUNTY; HENRY MORGAN,
Former Prosecuting Attorney for Clark County;
FORMER JUDGE DUB ARNOLD; JEFFERSON
COUNTY; JUDGE JODI DENNIS; JUDGE
ROBERT H. WYATT, JR., JUDGE ROBERT
R. McCALLUM; PROSECUTING ATTORNEY
BLAKE BATSON; JUDGE CHRIS WILLIAMS;
PROSECUTING ATTORNEY EDDY EASLEY;
OMEGA TECHNICAL VIOLATOR CENTER,
Department of Community Correction; PULASKI
COUNTY; and the ARKANSAS DEPARTMENT
OF CORRECTION                                                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 18, 2013 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 17). Judge Bryant recommends that Plaintiff's claims be dismissed pursuant to 28. U.S.C. § 1915. Plaintiff has filed an objection. (ECF No. 18). The matter is ripe for the Court's consideration. After reviewing the record *de novo*, the Court finds that Judge Bryant's Report and Recommendation should be adopted in its entirety.

Plaintiff's complaint alleges violation of his Fourth Amendment rights and violation of the Double Jeopardy clause of the United States Constitution related to a conviction in 1995 that resulted in his incarceration. Judge Bryant recommends dismissal of Plaintiff's complaint for five reasons: (1) his claims against Defendants Henry Morgan, Blake Batson, and Eddy Easley

are barred based on prosecutorial immunity; (2) his claims against Defendants Dub Arnold, Jodi Dennis, Robert Wyatt, Jr., Robert R. McCallum, and Chris Williams are barred based on judicial immunity; (3) all of his claims are barred by the statute of limitations; (4) his claims against Omega Technical Violator Center, an Arkansas Department of Community Correction facility, and the Arkansas Department of Correction are barred on sovereign immunity grounds; and (5) his claims against all Defendants constitute an improper challenge of his conviction under § 1983 because the conviction has never been called into question by any court.

Plaintiff does not appear to object to Judge Bryant's report as to the dismissal of Defendants Henry Morgan, Blake Batson, Eddy Easley, Dub Arnold, Jodi Dennis, Robert Wyatt, Jr., Robert R. McCallum, Chris Williams, Omega Technical Violator Center, an Arkansas Department of Community Correction facility, and the Arkansas Department of Correction. He does, however, object to the dismissal of Defendants Clark County, Jefferson County, and Pulaski County. Plaintiff argues that his claims against these Defendants are not barred by sovereign immunity because these Defendants are municipalities, not agencies of the state, and that the statute of limitations has not even begun to run on his claims.

Despite Plaintiff's objections, his claims against Clark County, Jefferson County, and Pulaski County must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486. In this case, Plaintiff is attempting to recover civil damages under § 1983 for his alleged unlawful conviction under both the Fourth Amendment and the Double Jeopardy clause.

Yet, he has not asserted that his conviction has been rendered invalid or called into question by any court. Therefore, pursuant to *Heck*, his claims—even against Clark, Jefferson, and Pulaski counties—are not cognizable.

Accordingly, the Court hereby adopts Judge Bryant's Report and Recommendation in full, and Plaintiff's complaint should be and hereby is **DISMISSED**.

**IT IS SO ORDERED**, this 27th day of June, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge